IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL O. HUDACEK,

                Plaintiff,                OPINION & ORDER

  v.

                                                             13-cv-795-wmc

LORAM MAINT. OF WAY INC.,

                Defendant.

---

*Pro se* plaintiff Paul O. Hudacek brought this suit alleging wrongful termination against his former employer, LORAM Maintenance of Way, Inc. ("Loram"). Because he was proceeding *in forma pauperis*, the court screened his complaint to determine whether it stated a claim on which relief could be granted. Hudacek's allegations related to (1) an accident that took place in 1987, during which he injured his knee, and (2) his termination from his employment at Loram, allegedly due to alcoholism. The court construed his complaint as attempting to bring claims for disability discrimination under Title I of the Americans with Disabilities Act of 1990 ("ADA") and negligence under common law, concluding that both were plainly time-barred as pled. Accordingly, it dismissed his lawsuit on January 5, 2015. (Dkt. #8.)

On April 2, 2015, Hudacek filed a letter and several new documents with the court.[1] (*See* dkt. #10.) The court construes these filings as a motion for reconsideration. His letter describes an incident in Oliver, Wisconsin, where he went to a bar with his brother, sister-

---

[1] The documents include an order of dismissal, dated August 25, 2014, from the Minnesota Office of Administrative Hearings Workers' Compensation Division (dkt. #10-1, at 3); a letter dated August 28, 2014, from a personal injury law firm declining to represent Hudacek (*id.* at 5); a letter Hudacek drafted in 1987 (*id.* at 7); a determination dated October 9, 1987, indicating that Hudacek was disqualified from unemployment benefits for misconduct (*id.* at 8); a copy of Minnesota statutes (*id.* at 9); and various other letters (*id.* at 10-14).

in-law and her sister.[2]  In his letter, Hudacek states that as soon as he sat down, a stranger approached him and attempted to "cause problems."  Although Hudacek's brother tried to dispel the tension, the stranger refused to listen.  When Hudacek eventually left, he claims unidentified individuals immediately attacked him with baseball bats and attacked his brother with pool cues.

Accordingly to the letter, the bartender eventually called the police, but not before the individuals broke the windows of Hudacek's van, terrorized his sister-in-law and her sister, and injured Hudacek badly enough that he had to go to the hospital for stitches.  Hudacek's letter then suggests that the putative defendant's personnel may have had something to do with this attack as part of a conspiracy to commit murder or cause great bodily harm.  Hudacek goes on to state that nothing was ever done in response to the attack.  Instead, he claims a "frivolous" workers compensation claim abstract was issued without his acknowledgment, and as a result of the attack, he suffered from "all 3 forms of amnesia" and had to endure a long, painful recovery.

Hudacek also represents in his letter that during his employment at Loram, he was in the hotel room of his supervisor, Ralph Spicer, when Spicer joked that management was giving Hudacek his company-required leave in a hotel room, but that he was required to pay for his own hotel room when he missed work.  Finally, Hudacek asserts that upon his termination, he asked Spicer why he was being fired, and Spicer responded, "Maybe it had something to do with the liability on your knee."

---

[2] While not entirely clear, Hudacek's complaint suggests that this incident occurred before November 1, 1987.  (*See* Mot. (dkt. #10) 5 (alleging that his Nov. 1, 1987, letter reflects "some form of brain injury" incurred as a result of the beating he describes.)

The court has reviewed Hudacek's new assertions, which while disturbing if true, do not change its original conclusion that any claims Hudacek may have had against defendant Loram are time-barred, among other problems. The incidents in which Loram was allegedly involved occurred in *1987*, which is not only *before* the ADA had even passed, but long after the time to bring suit would have expired, even if that statute were available as a remedy. Likewise, the three-year statute of limitations applicable for a tavern's negligence still operates as a bar to any claim against Loram based on the accident that injured Hudacek's knee, and nothing in the additional "facts" and documents he submits with his letter changes that conclusion. Indeed, Hudacek's new allegations do not make his untimely lawsuit any more viable. Accordingly, the court will deny his implicit request for reconsideration in this matter.

Finally, Hudacek will not be allowed to amend his previous complaint to add a new claim based on the attack in Oliver, Wisconsin. As an initial matter, it is at best doubtful that Hudacek could state such a claim against Loram, since he alleges no facts that make plausible an inference that Loram employees were involved in the attack in any way. Furthermore, as noted in its previous screening order, this court would not have subject matter jurisdiction over a state law battery claim, unless Hudacek could demonstrate diversity jurisdiction under 28 U.S.C. § 1332, which he does not even attempt to do. Finally, even overlooking these problems, the statute of limitations for intentional torts, Wis. Stat. § 893.57, requires battery actions to be commenced within three years after the cause of action accrues. Accordingly, this proposed amendment to Hudacek's previous complaint will be denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

ORDER

IT IS ORDERED that plaintiff Paul O. Hudacek's motion for reconsideration (dkt #10) is DENIED.

Entered this 8th day of March, 2016.

BY THE COURT:

/s/ *William Conley*

_____
WILLIAM M. CONLEY
District Judge